IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DON GRAY AND FREDDIE EVANS,** § | |
| § | |
| Plaintiffs, § | |
| v. § | Civil Action No. **3:11-CV-00781-L** |
| § | |
| **ONCOR ELECTRIC DELIVERY** § | |
| **COMPANY, LLC,** § | |
| § | |
| Defendant, § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Join Union as a Necessary Party, filed September 8, 2011. After carefully reviewing the motion, briefing, record, and applicable law, the court **grants** Defendant's Motion to Join Union as a Necessary Party.

### I.  Factual and Procedural Background

Plaintiffs Don Gray and Freddie Evans ("Plaintiffs") originally filed this action on March 11, 2011, in the 44th Judicial District Court, Dallas County, Texas, asserting claims for retaliation and race discrimination under the Texas Commission on Human Rights Act and Texas Labor Code against their employer Oncor Electric Delivery Company, LLC ("Oncor") and seeking payment of lost wages resulting from the alleged discrimination, as well as other damages. Among other things, Plaintiffs contend that they were paid lower wages than other similarly situated non-African American employees.

On April 15, 2011, Oncor removed the action to federal court based on federal question jurisdiction. Oncor alleged in its Notice of Removal that Plaintiff's claims were completely preempted by section 301 of the Labor Management Relations Act because they are "inextricably

**Memorandum Opinion and Order – Page 1**

intertwined" with a Collective Bargaining Agreement ("Agreement") entered between Oncor and the International Brotherhood of Electrical Workers Local No. 69 ("Union"). Oncor maintained that because the Agreement governs seniority, salary grade, and wages, Plaintiffs' wage discrimination claims cannot be resolved without resorting to the Agreement. On September 8, 2011, Oncor moved to join the Union as a necessary party to the lawsuit under Rule 19 of the Federal Rules of Civil Procedure. Oncor's motion to join the Union as a necessary party is based essentially on the same allegations as those asserted in its Notice of Removal. Oncor also contends in its motion that it will be subject to inconsistent legal obligations if the Union is not joined as a defendant. Plaintiffs did not contest the removal of this action but oppose Oncor's request to join the Union as a necessary party.

## II.     Joinder Standard

Federal Rule of Civil Procedure 19 requires joinder of a party in two situations if such joinder will not destroy the court's subject matter jurisdiction. Fed. R. Civ. P. 19(a). A person must be joined if complete relief cannot be accorded among the existing parties in the person's absence. Fed. R. Civ. P. 19(a)(1)(A). A person must also be joined if he claims an interest relating to the subject of the action and disposing of the action in his absence may "impair or impede the person's ability to protect that interest; or leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). "While the party advocating joinder has the initial burden of demonstrating that a missing party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the

**Memorandum Opinion and Order – Page 2**

burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex. rel. Miss. v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir.2009) (internal citation and quotations omitted).

### III.   Analysis

Plaintiffs contend that Oncor's request to join the Union as a party should be denied because (1) complete relief can be granted in the Union's absence, and (2) there is no risk to Oncor or the Union of incurring inconsistent obligations as a result of the Agreement entered on February 23, 2011, by Oncor and the Union. According to Plaintiffs, their wages were originally set by Oncor at Oncor's sole discretion before the Agreement was implemented. Plaintiffs therefore contend that the Agreement is irrelevant to their wage discrimination claim even though their wages were grandfathered under the Agreement. Pls.' Resp. 1. For support, Plaintiffs submitted the affidavit of Johnny Flowers, who is the "former" business manager of the Union and a signatory to the Field Service Representative ("FSR") Memorandum of Agreement that was entered into by Oncor and the Union in June 2010. Pls.' App. 1, ¶¶ 2, 4.

Flowers explains in his affidavit that the wages of Plaintiffs and certain other FSRs were grandfathered because, when the Agreement was negotiated and entered, they were already earning more than the top step of the wage plan for FSRs in the Agreement. Oncor and the Union therefore agreed to grandfather in the salaries of these employees until the negotiated wage rates in the Agreement caught up with what they were earning. Pls.' App. 2, ¶ 7. Flowers maintains that because Plaintiffs' wages were grandfathered and remained the same, they were unaffected by the Agreement. *Id.* ¶¶ 8-9. Flowers therefore concludes that any order by this court increasing Plaintiffs' wages will not affect the wage rates set by the Agreement. *Id.* ¶ 10.

Oncor counters that because Plaintiffs' current wages were grandfathered under the Agreement, they are subject to the Agreement between Oncor and the Union. Oncor further asserts that Plaintiffs' wages will be subject to the applicable job classifications in the Agreement after the negotiated rates in the Agreement catch up to the higher hourly wages earned by Plaintiffs. Oncor therefore contends that Plaintiffs' wages are governed by the terms of the Agreement and cannot be changed unilaterally by Oncor or the court without agreement by the Union. Oncor further asserts that an order by the court requiring it to pay Plaintiffs higher wages would subject it to inconsistent legal obligations under the agreement if the Union is not joined. The court agrees.

The parties obviously disagree regarding the relevance of the Agreement entered into between Oncor and the Union as it applies to Plaintiffs' wage claims in this lawsuit. Based on the limited information available to the court, however, it appears that resolution of Plaintiffs' wage discrimination claims will require the court to consider the Agreement between Oncor and the Union. Even if the wages alleged by Plaintiffs to be discriminatory were originally set by Oncor, it is undisputed that the Union and Oncor agreed to grandfather and incorporate those wages into the Agreement.

Moreover, it is unclear from Flowers's affidavit whether he is still employed by the Union or has the capacity to speak on behalf the Union. Although the Union has not come forward and claimed an interest in the subject of this action, it has an interest in the Agreement and the wages governed by that Agreement. As a result, Oncor could be subject to multiple or inconsistent obligations under the Agreement and subsequent litigation if the Union is not joined in this action. *See, e.g., Forsberg v. Pacific Northwest Bell Tel. Co.*, 623 F. Supp. 117, 122 (D. Or. 1985) (concluding that joinder of union in action against employer for wage discrimination was appropriate

**Memorandum Opinion and Order – Page 4**

to avoid leaving the employer subject to a substantial risk that the judgment will be inconsistent with the employer's obligations under the collective bargaining agreement); *Hodgson v. School Bd.*, 56 F.R.D. 393, 395 (W.D. Pa.1972) (holding that joinder of union in action against employer for violations of the Equal Pay Act was necessary because action involved the potential for altering and restructuring the compensation provisions of the collective bargaining agreement). Accordingly, without commenting on the merits of the parties' claims or defenses, the court concludes after an initial appraisal of the facts that the Union is a necessary party and joinder of the Union as a party will not destroy the court's subject matter jurisdiction.

## IV.  Conclusion

For the reasons herein explained, the court **grants** Defendant's Motion to Join Union as a Necessary Party. Accordingly, Plaintiffs **shall file an amended pleading by December 9, 2011**, that adds the International Brotherhood of Electrical Workers Local No. 69 ("Union") as a defendant to this action and **effect service** on the Union in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**It is so ordered** this 30th day of November, 2011.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge